1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   RANDY DAVID RAY ROBERTSON,            Case No. 1:23-cv-00912-EPG

12                  Plaintiff,             ORDER DIRECTING CLERK OF COURT TO
                                           ISSUE SUMMONS
13           v.
                                           ORDER REQUIRING PLAINTIFF TO SERVE
14   CALIFORNIA DEPARTMENT OF              COMPLAINT OR REQUEST SERVICE BY
     STATE HOSPITALS, SACRAMENTO, *et*     US MARSHALS SERVICE
15   *al.*,

16                  Defendants.

17

18           Plaintiff Randy David Ray Robertson ("Plaintiff"), who appears to be a civil detainee

19   currently committed to the Atascadero State Hospital ("ASH") after being adjudicated not guilty

20   by reason of insanity pursuant to California Penal Code § 1026,[1] is proceeding *pro se* in this civil

21

22   ───────────────────

23   [1] Plaintiff's complaint states that he "is committed to the Department of State Hospitals pursuant to
     California Penal Code Section 1026." (ECF No. 1, p. 3). California Penal Code § 1026 provides that "if [a]
24   defendant pleads only not guilty by reason of insanity, the question whether the defendant was sane or
     insane at the time the offense was committed shall be promptly tried . . . In that trial, the jury shall return a
25   verdict either that the defendant was sane at the time the offense was committed or was insane at the time
     the offense was committed . . . If the verdict or finding is that the defendant was insane at the time the
26   offense was committed, the court, unless it appears to the court that the sanity of the defendant has been
     recovered fully, shall direct that the defendant be committed to the State Department of State Hospitals for
27   the care and treatment of persons with mental health disorders or any other appropriate public or private
     treatment facility approved by the community program director[.]" Cal. Penal. Code § 1026(a).
28

                                              1

1    rights complaint filed pursuant to 42 U.S.C. § 1983.

2          Plaintiff initiated this action by filing a complaint on June 16, 2023. (ECF No. 1). Plaintiff

3    also filed a motion for the appointment of counsel. (ECF No. 2). In this motion, Plaintiff states

4    that he "is unable to afford counsel" and "request[s] leave to proceed *in forma pauperis*." (*Id.*, p.

5    1). The Court directed Plaintiff to submit an application to proceed *in forma pauperis* ("IFP") or

6    to pay the filing fee. (ECF No. 4). On June 30, 2023, Plaintiff filed a second motion for the

7    appointment of counsel. (ECF No. 7). However, this motion is a duplicate of Plaintiff's first

8    motion.[2] On July 5, 2023, Plaintiff filed the requisite filing fee.

9          The Prison Litigation Reform Act ("PLRA") requires courts to screen complaints brought

10   by prisoners seeking relief "with respect to prison conditions under section 1983. . .or any other

11   Federal Law, by a prisoner confined in any jail, prison, or other correctional facility." 42 U.S.C.

12   1997e (c)(1). However, the PLRA does not apply to plaintiffs who have been committed to a state

13   hospital after being adjudicated not guilty by reason of insanity. *Cf. Page v. Torrey*, 201 F.3d

14   1136, 1139-40 (9th Cir. 2000) (the term "prisoner" as used by the PLRA is limited to an

15   individual who is "currently detained as a result of an accusation, conviction, or sentence for a

16   *criminal* offense."); *see also Miesegas v. Allenby*, No. CV 15-1574 CJC (JC), 2015 WL

17   12763858, at *2 n2 ("The Prisoner Litigation Reform Act ("PLRA") requirements for "prisoners"

18   do not apply where, like here, a plaintiff has been committed to a state hospital pursuant to a [not

19   guilty by reason of insanity] adjudication.") (collecting cases).

20         Accordingly, the Court is not required to screen Plaintiff's complaint. And as Plaintiff has

21   paid the requisite filing fee, the Court will direct the Clerk of Court to issue summons.

22         Once the Clerk of the Court issues the summons, the complaint must be served on

23   defendants to proceed with the case.

24         The Court advises Plaintiff that service of summons and complaint cannot be performed

25   by Plaintiff but may be made by "[a]ny person who is at least 18 years old and not a party[.]" Fed.

26   R. Civ. P 4(c)(2). Additionally, "[a]t the plaintiff's request, the court may order that service be

27   made by a United States marshal or deputy marshal or by a person specially appointed by the

28   court." Fed. R. Civ. P. 4(c)(3). Accordingly, Plaintiff may file a request for a court order directing

---

[2] The Court will address Plaintiff's motion(s) for appointment of counsel in a separate order.

2

the United States Marshals Service to perform service on Plaintiff's behalf. If Plaintiff wishes to file such a request, he should do so within thirty-days.

If Plaintiff does not file such a request, Plaintiff must arrange for service of the complaint in accordance with Federal Rule of Civil Procedure 4, which provides procedures for service generally and addresses how to serve various categories of defendants. In particular, "[a] summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." Fed. R. Civ. P. 4(b). Additionally, a "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides that service must be accomplished "within 90 days after the complaint is filed."

Service of individual defendants within the United States may performed by: (1) following state law for serving in the state where the district court is located or where service is made—here, California state law for service; or (2) delivering a copy of the summons and of the complaint to the individual personally; (3) leaving a copy of the summons and of the complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P 4(e).

Service of a "[a] state, municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)-(B).

If Plaintiff intends to pursue service under California state law, as allowed by certain provisions of Federal Rule of Civil Procedure 4, he is directed to California's Code of Civil Procedure, beginning at § 413.10. This provision and those that follow describe California's procedures for service generally and address how to serve various categories of defendants. One provision that might be applicable is § 415.10.

> A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery.

The date upon which personal delivery is made shall be entered on or affixed to the face of the copy of the summons at the time of its delivery. However, service of a summons without such date shall be valid and effective.

Cal. Civ. Proc. Code § 415.10.

Another provision that might be applicable is § 416.50.

(a) A summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body.

(b) As used in this section, "public entity" includes the state and any office, department, division, bureau, board, commission, or agency of the state, the Regents of the University of California, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in this state.

Cal. Civ. Proc. Code § 416.50. Further,

In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code. § 415.20.

Unless service is waived, Plaintiff must also file proof of service, i.e., the server's signed affidavit, with the Court. Fed. R. Civ. P.(l)(1).

Based on the foregoing, IT IS ORDERED that:

1. The Clerk of Court is respectfully directed to issue a summons for Defendants California Department of State Hospitals—Sacramento, California Department of State Hospitals—Coalinga, Brandon Price, and Erich Montfort;

2. If Plaintiff wishes to file a request with the Court for an order directing the United States Marshals Service to perform service on Plaintiff's behalf, Plaintiff should do so within thirty days of service of this order.

\\\

3.  Otherwise, Plaintiff must arrange for service, which must be completed ninety days after the Clerk issues the summons. *See* Fed. R. Civ. P 4(m). And Plaintiff must promptly file the proof of service with the Court once service is complete.

IT IS SO ORDERED.

Dated:   **July 13, 2023**                                      /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE