UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY DAVID RAY ROBERTSON,<br><br>            Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF STATE HOSPITALS, SACRAMENTO, *et al.*,<br><br>            Defendants. | Case No. 1:23-cv-00912-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF Nos. 2, 7, 10). |

Randy David Ray Robertson ("Plaintiff"), who appears to be a civil detainee currently committed to the Atascadero State Hospital, is proceeding *pro se* in this civil rights complaint filed pursuant to 42 U.S.C. § 1983.

Plaintiff has filed three motions for the appointment of pro bono counsel. (ECF Nos. 2, 7, 10).  Plaintiff asks for appointment of counsel because he cannot afford counsel; because the issues involved in this case are complex; because he cannot adequately represent himself in this action; because he has limited access to legal materials and limited knowledge of the law; because he has no ability to investigate the facts of this case; because a trial in this case will likely involved conflicting testimony and the need to cross examine witnesses; and because he has made repeated efforts to obtain a lawyer.

1

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims.  Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **August 16, 2023**              /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE

2