UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY DAVID RAY ROBERTSON,<br><br>          Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF STATE HOSPITALS-SACRAMENTO, et al.,<br><br>          Defendants. | Case No. 1:23-cv-00912-ADA-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION DEFENDANTS' MOTION TO DISMISS WITHIN TWENTY-ONE DAYS |

  Randy David Ray Robertson ("Plaintiff"), who at the time of filing the complaint was civilly committed to the Atascadero State Hospital ("ASH")[1], proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

  On October 20, 2023, Defendants filed a motion to dismiss. (ECF No. 20). Defendants served the motion to dismiss on Plaintiff at Contra Costa CONREP, where Plaintiff is now housed. (ECF No. 20-1, p. 28; ECF No. 19).

  On October 23, 2023, the Court issued an order vacating the hearing on the motion.[2] (ECF

---

[1] Plaintiff's complaint states that he is "currently confined and being treated at DSH-Atascadero" pursuant to California Penal Code Section 1026." (ECF No. 1, pp. 2-3). California Penal Code § 1026 provides for the civil commitment of individuals who have been found not guilty by reason of insanity to the State Department of State Hospitals. Cal. Penal Code § 1026(a). On October 13, 2023, Plaintiff filed a notice of change of address. (ECF No. 19).

[2] The Court's order cited Local Rule 230(l), which applies to motions filed in actions "wherein one party is incarcerated and proceeding *in properia persona* [*pro se*]," as the basis for vacating the hearing. As

(continued…)

No. 24). The Court also set a briefing schedule on the motion. (*Id.*) Plaintiff was required to file an opposition to the motion by no later than November 13, 2023, but did not do so. Local Rule 230(c) provides that "[a] failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Thus, a Court may dismiss an action for a plaintiff's failure to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a motion will be deemed a waiver of opposition. See Ghazali, 46 F.3d 52 (dismissal upheld even where plaintiff contended he did not receive motion to dismiss, where plaintiff had adequate notice, pursuant to Fed. R. Civ. P. 5(b), and time to file opposition); cf. Heinemann v. Satterberg, 731 F.3d 914, 916 (9th Cir. 2013) (holding that a motion for summary judgment cannot be granted based on a failure to file opposition, regardless of any local rule to the contrary).

Despite Plaintiff's failure to file a timely opposition, the Court will give Plaintiff an additional twenty-one days to file an opposition or statement of non-opposition to Defendants' motion to dismiss. If Plaintiff fails to file his opposition within this period, the Court may construe the failure to oppose the motion to dismiss as a waiver of any opposition to that motion, and may recommend that the motion be granted on that basis. See Wystrach v. Chiachurski, 267 F.App'x 6060, 609 (9th Cir. 2008) (explaining that the holding in Ghazali "refused to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule"). Alternatively, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a court order.

//

//

---

(…continued)
Plaintiff is not incarcerated, Local Rule 230(l) is inapplicable. However, the Court also has authority to adjudicate a motion upon the record and briefs on file pursuant to Local Rule 230(g).

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one days from the date of service of this order, Plaintiff shall file an opposition or statement of non-opposition to Defendants' motion to dismiss; and
2. If Plaintiff fails to comply with this order, the Court may construe the failure to oppose the motion to dismiss as waiver of any opposition to that motion, and may recommend that the motion be granted on that basis. Alternatively, the Court may recommend that this action be dismissed because of Plaintiff's failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: **November 27, 2023**                    /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE