1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA

10

11   RANDY DAVID RAY ROBERTSON,          Case No. 1:23-cv-00912-NODJ-EPG (PC)

12                Plaintiff,             FINDINGS AND RECOMMENDATIONS
                                         RECOMMENDING THAT THIS ACTION BE
13        v.                             DISMISSED WITHOUT PREJUDICE FOR
                                         FAILURE TO COMPLY WITH COURT
14   CALIFORNIA DEPARTMENT OF            ORDERS AND PROSECUTE
     STATE HOSPITALS-SACRAMENTO, *et*
15   *al.*,                             (ECF No. 30)

16                Defendants.

17

18          Randy David Ray Robertson ("Plaintiff"), who at the time of filing the complaint was

19   civilly committed to the Atascadero State Hospital ("ASH")[1], proceeds *pro se* and *in forma*

20   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

21          On October 20, 2023, Defendants filed a motion to dismiss. (ECF No. 20). Defendants

22   served the motion to dismiss on Plaintiff at Contra Costa CONREP, where Plaintiff is now

23   housed. (ECF No. 20-1, p. 28; ECF No. 19). Defendants argue that the Eleventh Amendment bars

24   Plaintiff's claims against the Department of State Hospitals and Defendants Price and Montfort

25

26   _____
     [1] Plaintiff's complaint states that he is "currently confined and being treated at DSH-Atascadero" pursuant
27   to California Penal Code Section 1026." (ECF No. 1, pp. 2-3). California Penal Code § 1026 provides for
     the civil commitment of individuals who have been found not guilty by reason of insanity to the State
28   Department of State Hospitals. Cal. Penal Code § 1026(a). On October 13, 2023, Plaintiff filed a notice of
     change of address. (ECF No. 19).

                                              1

acting in their official capacity. (ECF No. 20-1, pp. 12-15). Defendants also argue that Plaintiff fails to state a claim under Section 1983 for deliberate indifference or any other violation of a civil and that Defendants are otherwise entitled to qualified immunity. (*Id.*, pp. 15-20). Finally, Defendants argue that Plaintiff's state law claims are time-barred. (*Id.*, pp. 20-23).

Plaintiff was required to file an opposition or statement of non-opposition to the motion by November 13, 2023, (*see* ECF No. 24), but failed to do so. On November 27, 2023, the Court ordered Plaintiff to file an opposition or statement of non-opposition within twenty-one days. (ECF No. 30). The Court warned Plaintiff that if he failed to respond to Defendants' motion, "the Court may construe the failure to oppose the motion to dismiss as waiver of any opposition to that motion, and may recommend that the motion be granted on that basis." (*Id.*, p. 2) (citing *Wystrach v. Chiachurski*, 267 F.App'x 6060, 609 (9th Cir. 2008)). Alternatively, if Plaintiff failed to oppose the motion or file a statement of non-opposition, "the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a court order." (*Id.*)

Plaintiff's twenty-one day deadline has passed, and Plaintiff has once again failed to file an opposition or a statement of non-opposition. Therefore, the Court will recommend that this case be dismissed, without prejudice, because of Plaintiff's failure to prosecute this case and to comply with a Court order.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to

2

routine noncompliance of litigants...." *Id.* Here, Plaintiff's repeated failure to respond to Defendants' motion to dismiss, despite being ordered to do so by the Court, is consuming the Court's limited time. This failure is delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to respond to Defendants' motion to dismiss that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has stopped prosecuting this case, despite being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* application, it appears that monetary sanctions are of little use. And as Plaintiff has stopped prosecuting this case, excluding evidence would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with a court order and prosecute this case; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 7, 2024**

/s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

4